## Gray v. Harvey.

*Real estate—Plan of lots—Recording plan—Approval of plan—Cities of third class—City planning commission—Townships of first class.*

1. A plan of lots located in a township of the first class, but within three miles of a city of the third class, does not have to be approved by the city planning commission of the city to permit it to be recorded.

2. The Act of July 14, 1917, P. L. 840, conferring upon township commissioners of townships of the first class the power to approve or disapprove plans of lots, repeals *pro tanto* the provisions of the Act of July 16, 1913, P. L. 752, conferring the power upon the city planning commission of cities of the third class with respect to lots within three miles of the city limits.

Mandamus to recorder of deeds to record a plan of lots. C. P. Delaware Co., March T., 1925, No. 365.

*H. G. Sweney*, for plaintiff; *W. B. Harvey*, contra.

JOHNSON, P. J.—The relator, an owner of land in the Township of Ridley, in the county aforesaid, being a township of the first class, within three miles of the City of Chester, laid out his land in streets and building lots, and procured a plot or plan thereof, which he presented to the defendant to have it recorded in the office for recording of deeds. This plot had endorsed on it the approval of the Commissioners of Ridley Township. The defendant refused to receive it for record because it did not have on it the approval of the City Planning Commission of the City of Chester, and the question is presented whether a plot of land in a township of the first class, within three miles of Chester City, is required to have more than the endorsed approval of the township commissioners of the first class township.

By the Acts of May 28, 1895, P. L. 124, and April 28, 1899, P. L. 123, it is made the duty of an owner of land making a sub-division thereof in lots and streets to record the plan thereof in the office for recording of deeds.

The Act of July 16, 1913, P. L. 752, is a supplement to the Third Class City Act of May 23, 1889, P. L. 277. This supplemental act, by its opening terms, creates an additional executive department in the government of cities of the third class, and provides for the creation of a city planning commission, and confers on this commission a jurisdiction beyond the city limits to the extent

of three miles, and requires the submission of a lot plan with the approval of the commission, and forbids the recording of such plan without such approval. It is, to say the least, somewhat anomalous to. confer on officers of a city government a jurisdiction outside of the city limits, and it may be that such legislation is void, but it is not necessary to decide that question in this case.

At the time of the passage of this act, there was no law for planning commissions in adjoining townships, and, therefore, there could be no conflict between the planning commissions in cities and townships. The legislature apparently appreciated the possibility of a conflict between neighboring cities, and made provision for an equal division of intervening territory between neighboring commissions in respect to the jurisdiction under consideration.

Afterward, an act was passed on July 14, 1917, P. L. 840, by which the whole jurisdiction in reference to plans of the sub-divisions of lands in townships of the first class was conferred on the township commissioners. This act repeals all inconsistent legislation, and the question arises whether it repeals the Act of July 16, 1913, P. L. 752, pro tanto. To have the planning jurisdiction exercised by two independent governments would lead to inextricable confusion, and it is manifest that no other intention can be attributable to the legislature than the intention by the Act of July 14, 1917, P. L. 840, to repeal the Act of July 16, 1913, P. L. 752, pro tanto. It follows that a plan of lots in Ridley Township, within three miles of the City of Chester, is not required to be approved by the Chester City Planning Commission.

Therefore, we enter judgment in favor of the plaintiff and against the defendant, with costs, and direct that a peremptory writ of mandamus issue in accordance with the prayer of the petitioner.

From A. B. Geary, Chester, Pa.